■ PATRICIA J. KING, an Infant, by Her Parent and Natural Guardian, FRANCIS R. KING et al., Appellants-Respondents, v STATE OF NEW YORK, Respondent-Appellant. (Claim No. 58154.) SUSAN KING, an Infant, by Her Parent and Natural Guardian, FRANCIS R. KING et al., Appellants-Respondents, v STATE OF NEW YORK, Respondent-Appellant. (Claim No. 58155.)— Cross appeals from judgments in favor of claimants, entered November 5, 1975, upon a decision of the Court of Claims. Following a trial limited to the issue of liability, the Court of Claims determined that the accident herein

was proximately caused by the negligence of the State (83 Misc 2d 748). On the second trial, confined to the issue of damages, the claimant Patricia J. King was awarded the sum of $200,000 for her injuries and for her pain and suffering, and the claimant Susan King was awarded $10,000. In the derivative actions their father, Francis R. King, was awarded $5,000 for loss of services and $32,441.22 for all medical expenses incurred on behalf of Patricia J. King, and $500 for loss of services and $18,666.10 medical expenses incurred on behalf of Susan King. Patricia J. King, a 17-year-old high school student on the date of the accident, suffered serious and permanent brain damage as a result of the injuries she sustained in the accident. She was comatose for eight days immediately following the accident and was hospitalized for a period of two months during which time she experienced convulsions, was unable to open her eyes, and was unable to talk or feed herself. Following her transfer to a rehabilitation center where she underwent therapy for five months, this claimant gradually began to walk with a brace and a cane and regained some function in her left arm. As a result of permanent brain damage, Patricia King has a behavior problem and suffers from impaired judgment, lack of co-ordination, inability to terminate a motor act, and experiences tremors and unco-ordinated motion in her left arm and leg. The brain injury causes her to suffer intermittent seizures necessitating constant supervision and medication for the rest of her life. Although she can perform limited work in a sheltered environment, she is permanently occupationally disabled, her future earning potential has been severely impaired, and she will require supervision for the remainder of her life. In view of all of the foregoing we are of the opinion that an award of $200,000 to the claimant Patricia J. King is clearly inadequate. The injuries sustained by the claimant Susan King were not of a serious nature by comparison, and she has made a complete recovery therefrom. However, the medical evidence established and the Court of Claims found that as a result of the accident claimant suffered an acute psychotic episode with schizoid and paranoid features. This psychiatric disability necessitated claimant's confinement in a mental institution for a period of three months, and requires further psychotherapy for approximately one and one-half years. Although it was conclusively established that the accident was the proximate cause of the claimant's psychiatric disorder, the Court of Claims concluded that "other contributing factors cannot be overlooked", and considered other facts, such as claimant's prior involvement with drugs and alcohol, in arriving at the amount of the award. In our opinion, the trial court was in error in finding, on the one hand, that the accident was the proximate cause of claimant's psychiatric disorder, and on the other hand, that she was not entitled to be fully compensated therefor because of other factors contributing to her condition. The defendant in a personal injury action cannot invoke the previous condition of the person injured for the purpose of reducing the damages for which he is liable. In the instant case the State is liable for all the consequences of the injury caused, even though that injury would have been less disastrous if the claimant had been in good health at the time of the injury (13 NY Jur, Damages, § 67, p 521 and cases cited therein). Nor do we agree with the conclusion of the Court of Claims that the claimant has now recovered from the effects of her psychiatric disability and "has returned to status quo ante." Under the uncontroverted evidence she required further psychotherapy. Judgments reversed, on the law and the facts, with costs to claimants, and a new trial ordered limited to the issue of damages. Koreman, P. J., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.